## SUPERIOR COURT.

### ELIZUR HALL, respondent, agt. BENJAMIN B. MERRILL, appellant.

It is not essential to prove that creditors subscribed a *composition deed* or agreement *after* the plaintiff in an action signed it, in order to give it validity.

A legal presumption may be allowed in the absence of distinct proof, that the execution was cotemporaneous by all, under one general influence and one general consideration, although the location of names on the paper might indicate a signing one after another.

It is a rule, that a debtor must strictly observe any conditions affixed by a creditor to his consent to a composition deed, where the conditions are expressed in the deed. But where a condition is not made in the deed, to wit: That the notes be delivered at a certain time, whether it is a violation of the contract between the parties, seems to depend upon the fact of the proffer of the notes being made within a reasonable time, and that question, with all its attendant circumstances, may be proper for a jury.

*New - York General Term, October,* 1859.

*Present,* HOFFMAN, WOODRUFF *and* PIERREPONT, *Justices.*

THIS case arose upon an appeal by the defendant from a judgment entered against him, for the sum of $690.81.

The case was tried before Mr. Justice SLOSSON without a jury.

Hall agt. Merrill.

The complaint stated the sale and delivery of goods by the plaintiff to the defendant at various times and in various parcels, between the 11th day of April, 1857, and the 26th day of March, 1858, amounting in the aggregate to the sum of $577.82, for which sum, with interest on the amounts respectively, as the several periods of credit expired, judgment was prayed. All the sales, except one for $5.25, were made before the 26th day of October, 1857. This one was made the 26th day of March, 1858.

The answer denied every allegation of the complaint except as thereafter admitted or avoided.

It is then averred, that on the 15th day of December, 1857, the plaintiff executed and delivered, together with other creditors of this defendant, a certain instrument in writing under his hand and seal, of which the following is a copy :

" Whereas, in consequence of sundry losses and misfortunes, Benjamin B. Merrill has become unable to pay his debts in full, we, the undersigned, in consideration of one dollar to us in hand paid, receipt of which is hereby acknowledged, agree to receive, in full payment and settlement of our respective claims against him, his three notes, for equal amounts, at six, nine and twelve months, from January first, 1858, at forty cents on the dollar.

In witness whereof, we have hereunto set our hands and seals this 15th day of December, 1857.

ELIZUR HALL, [L.S.]

The answer then states the execution of three promissory notes, each for $70.18, at six, nine and twelve months respectively, dated the 1st day of January, 1858, to the order of the plaintiff, the proffer of such notes to him. The notes were made and executed on the 1st day of February, 1858.

There is an averment that these notes were given for the composition of the demands mentioned in the complaint, and that the action for the same is thereby barred.

A set-off, as to the $5.25, the purchase of the 26th day of March, 1858, is then set forth.

In another part of the answer it is averred, that the instrument aforesaid was signed by the plaintiff, and eleven other persons or firms, the creditors as aforesaid of said defendant, relying upon the good faith of both plaintiff and defendant, in carrying out the terms of such agreement, as far as they were respectively concerned. He avers his willingness to carry out the agreement.

The answer seeks affirmative relief in the following manner : Wherefore, this defendant demands judgment against the plaintiff that the said agreement in writing be specifically performed ; that the plaintiff be adjudged to receive the three notes in satisfaction of his claims, and the money upon such as have fallen due ; that he be perpetually restrained from commencing any action upon such claims, or from assigning or disposing of the same, and that the defendant may have such further relief as the nature of the case may require.

The plaintiff, by way of reply to the counter-claim for equitable relief, denied each and every allegation in that part of the answer, except as thereafter admitted. He admitted the execution of the composition deed, but setting up that he was induced to do so by false and fraudulent representations as to losses, insolvency, &c. That the defendant had engaged to have all his creditors sign the deed, and it was to be of no effect without this being done ; none were to be paid over forty cents on the dollar ; that all have not signed such deed, but, on the contrary, a portion of them have refused to sign it, and some of them have been paid their demands in full, and that some, who did sign, have, under promise to that effect, been paid their demands in full.

The only evidence given upon the trial was, that of the plaintiff, upon his own examination. He proved the representations of the defendant as to his situation, but entirely fails to show any falsehood or fraud in them. No evidence is found to sustain any other of the allegations as to deceptive or fraudulent conduct or statements on the part of the defendant. He proved that one or two other creditors had signed the composition deed before he signed it himself.

Hall agt. Merrill.

He also states that the notes mentioned in the deed were to be delivered at least as early as the 1st day of January. They were tendered about the middle of February.

The question was put to the witness by the court, whether there was any, and if any, what consideration for his signing the composition deed ?

An objection of the defendant's counsel was overruled, and an exception taken. The witness answered, there was none, except his promise to pay the notes.

The plaintiff having rested, and the defendant offering no testimony, the learned judge found as follows :

*First.* That the release set forth in the pleadings was executed without any consideration moving from the defendant to the plaintiff, except the promise to give the notes referred to in the pleadings on the first of January, 1858.

*Second.* That the release was signed by the plaintiff on or about the 15th day of December, 1857.

*Third.* That the said release was signed after two or three other creditors of the defendant had signed the said release.

*Fourth.* That the defendant bought the goods at the times, and for the prices, charged in the complaint.

*Fifth.* That the defendant tendered the notes to the plaintiff, required by the release, on or about the middle of February, 1858, and not before.

*Sixth.* That when the first note became due, the defendant tendered the plaintiff the amount of money due thereon, which the plaintiff offered to receive and apply on the general account, but not as a fulfilment of his (defendant's) agreement, but which defendant refused to pay for that purpose, or on that understanding.

And the court found as a conclusion of law upon the foregoing facts :

That the release is no bar to the plaintiff's recovery herein —to which conclusion of law and ruling the defendant's counsel then and there excepted, and the court thereupon ordered judgment for the plaintiff for the sum of six hundred and six dollars and ninety cents, with the costs.

Judgment being entered in conformity with this decision, the appeal of the defendant was taken therefrom.

E. W. DODGE, *for appellant.*
MR. STEWART, *for respondent.*

By the court—HOFFMAN, Justice. The subject of the nature and legal operation of composition deeds was considered much at length in the case of *Renard* agt. *Fuller*, in January, 1859, before the general term of this court. The action was upon promissory notes given in the course of business, and the defence was a composition instrument, as follows:

" We, the undersigned, creditors of the firm of Fuller, Hart & McCorkle, in consideration of the sum of one dollar to each of us paid, agree to accept the sum of sixty cents on the dollar, in three notes at six, nine and twelve months, from the first day of February, 1857, without interest, in full satisfaction of our respective claims against said Fuller, Hart & McCorkle.

" All claims to be put on the same basis, and considered as due on the first day of February, 1857, by allowing or deducting interest, and the original notes are to be held as collateral, until the notes given in compromise are paid.

" Dated, January 6th, 1857."

Creditors to a considerable amount had signed before, and creditors to a large amount had signed after the signature of the plaintiffs. The liabilities were about $225,000, and the whole amount of the demands of creditors who signed was $87,000.

It was held that there was nothing, in the instrument or evidence, to show that the signature of the plaintiffs was upon any condition that all should sign. And it was held that the composition instrument was a bar to the action. The basis of the doctrine is, the relinquishment to the debtor, by others who sign, of a part of their claims, or the concession of some modification of the right to enforce them. This constituted the consideration. This existed without any clause of a mutual

agreement between each other, as well as with the debtor, which was found in several of the cases. The implication of such a contract between themselves was raised, and was equivalent to its being expressed.

The English and American authorities were examined, and the result, as stated by Baron PARKE, in *Norman* agt. *Thompson*, was recognized. " An agreement by two or more of the creditors unconditionally to enter into a composition is perfectly good and binding as to those parties, whether the others do so or not. The agreement by each individual to give up part of his claim is a sufficient consideration."

In the present case, it is not proven that more than two or three creditors signed the instrument at all. It is found by the judge that two or three signed before the plaintiff signed. It is not shown that any signed afterwards. It is true that the answer states that the plaintiff and eleven other persons or firms, creditors of the defendant, signed the instrument. And to the fourth clause of the answer, which contains this averment, a reply was put in, although the answer was sworn to in July, 1858. But, as before stated, this part of the answer is by way of counter-claim asking for affirmative relief, by compelling the plaintiff to take the notes in full discharge of his demand. The reply, however, denies every allegation in this part of the answer contained, except as thereafter admitted.

I apprehend, then, that even assuming a reply was necessary, yet under the 153d section of the Code, the allegation, as to the number of creditors who signed, was put in issue. The general denial was sufficient. The release itself does not appear to have been given in evidence.

We think, however, that enough appears in the case to bring it within the scope of the rule laid down in *Renard* agt. *Fuller*, before referred to. We do not think it essential to prove that creditors subscribed a composition deed or agreement after the plaintiff in an action signed it, in order to give it validity. If so, it would not be binding upon a last signer, and its efficacy in each case might depend upon parol testimony of the time of execution. A legal presumption might well be al-

lowed, in the absence of distinct proof, that the execution was cotemporaneous by all, under one general influence, and one general consideration, although the location of names on the paper might indicate a signing one after another. But in that view, proof of the actual time of execution, even if admissible, is unimportant.

The next question is, whether the fact of the non-delivery of the notes until the middle of February, was such a breach of a condition of the composition deed as to exempt the plaintiff from its obligation?

The plaintiff was permitted to prove this fact, and also that the notes were to be delivered as early as the first day of January, without objection.

The instrument itself only prescribes, that the notes were to be at six, nine and twelve months, from the first day of January, 1858. No time for the delivery of the notes is expressed in it. The implication may be reasonable that the first day of January was to be the period of delivering the notes, and their reception then may have been of moment for the business purposes of the plaintiff. Yet it is clearly not made a condition in the instrument, and whether it was a violation of the contract between the parties seems to depend upon the fact of the proffer being made within a reasonable time, and that question, with all circumstances bearing upon it, may be proper for a jury.

In a case decided in general term, 1857, the rule, that a debtor must strictly observe any conditions affixed by a creditor to his consent to a composition, was recognized, and applied when the condition was expressed, that a certain amount of claims should be signed off, on the same terms, by a specified period. It was not done, and the creditor was held not bound, although a short time elapsed after that day before it was accomplished, and no special injury was shown.

The cases referred to by Justice COWEN, in *Fellows* agt. *Stevens* (24 *Wend. Rep.* 292), were of this character. The instruments of composition contained stipulations or clauses amounting to conditions precedent. *See Oughton* agt. *Trotter*, (2 *Nev.*

*and Man R.* 71), where LITTLEDALE, Justice, takes the distinction above noticed, that in common cases of agreements to take composition, the debtor has a reasonable time to give the notes; but in that case it was stipulated they should be given in fourteen days.

We think there was error in the conclusion of law of the learned judge, in giving judgment for the amount of the original debt. This view renders it unnecessary to consider the propriety of the question put by the court.

There must be a new trial, with costs to abide the event.